# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**MARIO HERNANDEZ CONTRERAS**

Case Number. 8:09-cr-487-T-17EAJ
USM Number: 51351-018

Darlene Barror, retained

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One and Two of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) | Possession with Intent to Distribute 50 Grams or More of Methamphetamine | September 25, 2009 | One |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | September 25, 2009 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count Three of the Indictment is dismissed on motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

September 2, 2016

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

September 2nd 2016

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Mario Hernandez Contreras
8:09-cr-487-T-17EAJ

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and SIX (106) MONTHS. This term consists of FORTY-SIX (46) MONTHS as to Count One of the Indictment and a term of SIXTY (60) MONTHS as to Count Two of the Indictment. Count Two shall run CONSECUTIVELY to Count One of the Indictment. The defendant shall receive credit for time served as calculated locally by the United States Bureau of Prisons.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of SIXTY (60) MONTHS. This term consists of SIXTY (60) MONTHS as to Count One of the Indictment and SIXTY (60) MONTHS as to Count Two of the Indictment, both such terms to run CONCURRENTLY.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Should the defendant be deported, he shall not be allowed to re-enter the United States without the express permission of the appropriate governmental authority.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States immediately and voluntarily any and all assets previously identified in the plea agreement that are subject to forfeiture. The assets to be forfeited include, but are not limited to, $24,237.00 in United States currency seized from the defendant's residence on September 25, 2009, a Davis Industries .22 caliber handgun, and ammunition. See attached Order of Forfeiture.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:09-cr-487-T-17EAJ

MARIO HERNANDEZ CONTRERAS

### FINAL JUDGMENT OF FORFEITURE

THIS CAUSE is before the Court on the United States' Motion for a Final Judgment of Forfeiture, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(n)(7), and Federal Rule of Criminal Procedure 32.2(c)(2), for one Davis Industries .22 caliber handgun and ammunition. Having been fully advised in the premises, the Court finds as follows:

1. On May 3, 2010, the Court granted the United States' motion and entered a Preliminary Order of Forfeiture, forfeiting to the United States all of Contreras' interest in the weapon and ammunition listed above. (Doc. 35).

2. On May 3, 2010, the Court sentenced Contreras, found the weapon and ammunition subject to forfeiture, and included them in the Judgment. (Docs. 32 and 36).

3. In accordance with the provisions of 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture, and of its intent to dispose of the weapon and ammunition, on the official government website, www.forfeiture.gov, from May 4, 2010 through June 2, 2010. (Doc. 39). The publication gave notice to all third parties with a legal interest in the weapon and

ammunition to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to adjudicate their interest within sixty (60) days of the first date of publication.

4. No person or entity other than the Contreras, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture, is known to have an interest in the weapon and ammunition. No third party has filed a petition or claimed an interest in the weapon and ammunition, and the time for filing such petition has expired. Thus, any third-party interest in the property is now barred.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the United States' motion is GRANTED. It is FURTHER ORDERED that all right, title and interest in the Davis Industries .22 caliber handgun and ammunition are CONDEMNED and FORFEITED to the United States of America under the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853(n)(7), and Federal Rule of Criminal Procedure 32.2(b)(2), for disposition according to law.

Case No. 8:09-CR-487-T-17EAJ

Clear title to the weapon and ammunition is now vested in the United States of America.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 13th day of January, 2011, nunc pro tunc July 7, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Josephine W. Thomas, AUSA
Attorney of Record